IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ELLIS,

    Plaintiff,　　　　　　　　No. 2:12-cv-1691 KJN P

  vs.

REDDY,　　　　　　　　　　　　　ORDER and

    Defendant.　　　　　　　　FINDINGS AND RECOMMENDATIONS[1]

_____/

I. Introduction

        Plaintiff, a state prisoner incarcerated at High Desert State Prison ("HDSP"), proceeds in forma pauperis and without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the initial screening of plaintiff's complaint, under 28 U.S.C. § 1915A(b), the undersigned found that it "states a potentially cognizable Eighth Amendment claim for relief against sole-named defendant Reddy." (Dkt. No. 4 at 2.) Pending is defendant's motion to dismiss this action, on the ground that plaintiff's claim is: (1) precluded under the doctrine of res judicata; or (2) alternatively, fails to state a claim upon which relief can be

////

---

[1] This action is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

1

granted. Plaintiff opposes the motion.[2] (Dkt. Nos. 15, 17, 20, 21.) Defendant filed a reply to plaintiff's first-filed opposition. (Dkt. No. 16.)

For the reasons that follow, the undersigned recommends that defendant's motion to dismiss be granted, with leave granted to plaintiff to file an amended complaint.

II. Defendant's Motion to Dismiss

Defendant contends that the instant action is precluded under the doctrine of res judicata, because there was a final judgment on the merits of plaintiff's Eighth Amendment claim against Dr. Reddy in Ellis v. Hill et al., Case No. 2:11-cv-0363 GEB CKD P. Defendant further contends, alternatively, that plaintiff has failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

 A. Res Judicata

  1. Legal Standards

A motion to dismiss, based on res judicata grounds, is properly made pursuant to Federal Rule of Civil Procedure 12(b)(1). See, e.g., Gupta v. Thai Airways Intern., Ltd., 487 F.3d 759, 763 (9th Cir. 2007). "Res judicata ensures the finality of decisions. Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Brown v. Felsen, 442 U.S. 127, 131 (1979) (citations and internal quotations omitted).

////

---

[2] The Local Rules do not authorize the filing of a "surreply," unless authorized by the court. Rather, Local Rule 230(*l*) contemplates the filing only of one motion, one opposition and one reply. Nevertheless, given plaintiff's pro se status and the fact that plaintiff's additional filings are relatively short and limited to the issues addressed in defendants' motion to dismiss, the court has reviewed and considered each of plaintiff's "oppositions" in the preparation of these findings and recommendations.

"The analysis of whether two suits involve an identity of claims is a pragmatic determination and a matter of degree." Durney v. WaveCrest Laboratories, LLC  441 F.Supp. 2d 1055, 1063 (N.D. Cal. 2005).  "[T]he temporal relationship of the two courses of conduct at issue is taken into account in determining whether they are transactionally related or not. " Id. Significantly, "[a] claim arising after the date of an earlier judgment is not barred, even if it arises out of a continuing course of conduct that provided the basis for the earlier claim." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000) (citing Lawlor v. National Screen Serv. Corp., 349 U.S. 322, 328 (1955); see also International Techs. Consultants, Inc. v. Pilkington, PLC, 137 F.3d 1382, 1388 (9th Cir. 1998) ("By winning the first action, the defendants did not acquire immunity in perpetuity  . . . .") (internal citation and quotation marks omitted).

"In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993) (citations omitted).

2. Plaintiff's Instant Complaint

In the present action, plaintiff relies on the June 17, 2010 treatment note of Nurse Practitioner S. Kansier, R.N., FNP, to support the allegation that plaintiff has hemorrhoids. Nurse Kansier's one-page treatment note diagnoses "hemorrhoid," and recommends that plaintiff continue taking fiber and a stool softener, increase his water intake, and obtain prescriptions for "Proctofoam HC" (topical cortisone), and Motrin.  (See Dkt. No. 1 at 6, 7 (duplicate pages).) Plaintiff relies on this diagnosis to support his allegation that his treating physician, defendant Dr. Reddy, had previously been wrong in diagnosing, treating, and referring plaintiff for a putative prostate problem.  Plaintiff alleges that he has since followed, "for at least a year and a half," the medical advice of Dr. Reddy that he use Anusol (topical cortisone), and ingest fiber and stool softeners.  (Dkt. No. 1 at 5.)  However, plaintiff alleges, he has "complained to Doctor Reddy that the medication doesn't work period [but] Dr. Reddy stated that there's nothing she

3

could do." (Id.) Plaintiff asserts that he is in "constant pain, which is burning, slight bleeding and swellen (sic) that makes it difficult to pass stool and sometimes urine." (Id. at 3.) Plaintiff asserts that he "has suffered, is suffering and continues to suffer physical and mental emotional [pain] also injuries in the form of damage to the internal bowel rectum and a herneah (sic) possibly from straining." (Id. at 5.)

The instant complaint further alleges that Dr. Reddy "isn't properly trained" to treat plaintiff's medical issues and thus "ignores the problem." (Id. at 3.) The complaint alleges that Dr. Reddy's failure to respond to plaintiff's complaints is "willful, intentional, malicious, wanton and despicable." (Id. at 4.) Plaintiff alleges a violation of his Eighth Amendment rights, and seeks damages and injunctive relief, the latter including "free[dom] from pain," and referral to a "specialist doctor who can properly treat and cure the petitioner's (sic) problem." (Id. at 4, 5.)

### 3. Plaintiff's Prior Complaint

Defendant identifies plaintiff's prior similar action as Ellis v. Hill et al., Case No. 2:11-cv-0363 GEB CKD P, which was filed by plaintiff on February 9, 2011.[3] The complaint in that action also included, as an attachment, the June 17, 2010 treatment note of Nurse Kansier. (Case No. 2:11-cv-0363, Dkt. No. 1 at 5.) The magistrate judge recounted plaintiff's allegations, in support of his Eighth Amendment claim for deliberate indifference to his serious medical needs, as follows (Case No. 2:11-cv-0363 (Dkt. No. 24 at 2)):

> Plaintiff, an inmate at Folsom State Prison ["FSP"], alleges that he suffered from hemorrhoids for three years. Doctors at FSP thought that plaintiff had a problem with his prostate and gave him prostate medication. Some time later, FSP doctors "got the findings right and found a bump" on plaintiff's sphincter. Plaintiff was given Anusol (a topical corticosteriod), stool softener, and Fiber One. However, he has "complained for a couple of years that this medication doesn't work." He alleges that Dr. Reddy "continues to tell me that I'll just continue to have this problem and there's

---

[3] This court may take judicial notice of court records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

nothing we can do." (Cmplt. at 3.) Plaintiff alleges that he experiences significant pain, swelling, and difficulty with his excretory functions due to Dr. Reddy's failure to effectively treat this problem. (Id. at 4; see also Dkt. No. 20 ("Opp.") at 1.) He claims that "this lack of relief," along with Dr. Reddy's failure to refer him to an outside specialist, violates his rights under the Eighth Amendment. (Id.; Opp. at 1.) In addition to damages, plaintiff seeks injunctive relief in the form of "up to date medication" and a referral to another doctor. (Id.)

In response to defendant's motion to dismiss in plaintiff's prior case, the magistrate judge found that plaintiff's allegations failed to state an Eighth Amendment claim for deliberate indifference to serious medical needs, reasoning (Case No. 2:11-cv-0363 (Dkt. No. 24 at 4)):

> Here, assuming arguendo that plaintiff's problem constitutes a serious medical need, his allegations do not amount to a showing of deliberate indifference. Rather, they show that Dr. Reddy attempted to treat plaintiff's symptoms through the use of common over-the-counter medications (Anusol, stool softener, and Fiber One) and concluded that nothing more could be done to improve plaintiff's condition. Plaintiff's apparent belief that some other, unspecified treatment could successfully ease his symptoms reflects "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment," which does not give rise to a constitutional claim of deliberate indifference. Franklin [v. Or. State Welfare Div., 662 F.2d 1337 (9th Cir. 1981)], 662 F. 2d at 1344. Moreover, a prison inmate has no independent constitutional right to outside medical care, as plaintiff seeks here. Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986). Thus, the court will recommend that defendant's motion to dismiss the complaint for failure to state a claim be granted.

On December 16, 2011, the district judge adopted the magistrate judge's November 8, 2011 findings and recommendations, resulting in the dismissal of Ellis v. Hill et al., Case No. 2:11-cv-0363 GEB CKD P.

4. Analysis

These considerations support application of res judicata to the instant action only through the date of final judgment in the prior action, December 16, 2011. Despite the clear

////

////

5

similarities in plaintiff's cases,[4] common sense dictates that a prisoner's medical condition may change over time and, thus, that the doctrine of res judicata should be applied cautiously to a prisoner's Eighth Amendment claim of deliberate indifference to an alleged serious medical need.  While plaintiff's actions involve the same parties, and dismissal of the prior action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is properly considered a "judgment on the merits," see Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981), and cases cited therein, plaintiff's claims are the "same" only to the extent they challenge Dr. Reddy's care through December 16, 2011.

"Under claim preclusion, a subsequent action is precluded if the same claim was previously litigated." U.S. v. Oregon, 470 F.3d 809, 817 (9th Cir. 2006) (citing Nordhorn, supra, 9 F.3d at 1404).  Whether two claims are the same for purposes of res judicata requires an analysis of the following:

> The Ninth Circuit determines whether or not two claims are the same for purposes of res judicata with reference to the following criteria:  (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Nordhorn, supra, 9 F.3d at 1405 (citations and internal quotation marks omitted).

Application of these factors demonstrates that the rights and interests of defendant Reddy would be impaired only if the instant action were to proceed on challenges to Reddy's

---

[4] Although the cases were initiated at different times -- Case No. 2:11-cv-0363 GEB CKD P was commenced February 9, 2011 (and judgment entered on December 16, 2011); the instant case was commenced on June 25, 2012 -- both complaints make essentially the same allegations, and rely on the same medical evidence, Nurse Kansier's June 17, 2010 treatment note. Both complaints allege that Dr. Reddy initially and improperly concluded that plaintiff's symptoms were caused by a prostate problem; that, following Nurse Kansier's diagnosis of hemorrhoids, the treatment prescribed by Dr. Reddy has been inadequate; and that Dr. Reddy states there is no other treatment that she can provide. In both cases, plaintiff's alleges ongoing significant pain and other symptoms, and seeks referral to a specialist.

conduct on or before the date of final judgment in the prior case, December 16, 2011.  The prior action should not insulate Reddy from allegedly subsequent unconstitutional conduct,[5] which would necessarily rest on new evidence.  Although both actions assert the same right (plaintiff's Eighth Amendment right to be free from deliberately indifferent medical care), an action premised on plaintiff's care after December 16, 2011 would rest on a different transactional nucleus of facts.

For these reasons, the undersigned finds that plaintiff's Eighth Amendment claim against defendant Reddy is precluded on res judicata grounds only through the date on which final judgment was reached in plaintiff's prior similar case (Case No. 2:11-cv-0363 GEB CKD P), viz., December 16, 2011.

B. Failure to State a Claim

Alternatively, defendant moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that plaintiff has failed to state a cognizable Eighth Amendment claim.

1. Legal Standards Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th

---

[5] The court notes, however, that neither party has clarified whether Dr. Reddy works at Folsom State Prison (plaintiff's prior place of incarceration, where Nurse Kansier treated plaintiff), or High Desert State Prison (plaintiff's current place of incarceration); nor does either party identify the date of plaintiff's transfer to High Desert State Prison.  Clearly, if Dr. Reddy ceased treating plaintiff prior to December 17, 2011, then the instant action is precluded in its entirety.  However, in the absence of this information, and for the reasons set forth herein, plaintiff should be given the opportunity to amend his complaint within the identified parameters.

Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

     A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "[T]he court is obligated to draw only reasonable factual inferences" in plaintiff's favor. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citation omitted). Nevertheless, "in a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it

////

////

determines that the pleading could not possibly be cured by the allegation of other facts.'"[6] Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 2. Legal Standards For Deliberate Indifference Claim

Inadequate medical care does not constitute cruel and unusual punishment under the Eighth Amendment unless defendant has acted with deliberate indifference to a prisoner's serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted).

To state a claim for deliberate indifference to serious medical needs, a plaintiff must show that defendant knew of and disregarded an excessive risk to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inferences." Id. Hence, plaintiff must allege that defendant purposefully ignored or failed to respond to plaintiff's serious medical need. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). Deliberate indifference may occur when prison officials deny,

---

[6] For these reasons, the court rejects defendants' request that the FAC be dismissed solely because it allegedly fails to conform with the requirements of Rule 8, Federal Rules of Civil Procedure.

delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. Id. at 1059–60.

A showing of inadvertent or negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105–06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). Similarly, a mere difference of opinion concerning appropriate treatment cannot be the basis for an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, a prisoner must allege facts sufficient to support an inference that defendant acted with a culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297–99 (1991). Accordingly, a difference of medical opinion about the course of treatment is not deliberate indifference, nor is a difference of opinion between the prisoner and prison officials. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### 3. Analysis

Because plaintiff's current allegations against Dr. Reddy blend, both temporally and substantively, with his claims against Reddy in Case No. 2:11-cv-0363 GEB CKD P, and application of res judicata precludes plaintiff's claim against Reddy for the period on or before December 16, 2011, the court finds that the instant complaint, as framed, fails to articulate a cognizable Eighth Amendment claim against Reddy for the period commencing December 17, 2011. However, a liberal construction of the instant complaint indicates that plaintiff may, in an amended complaint, be able to allege sufficient facts to support an Eighth Amendment claim against Dr. Reddy for this subsequent period.[7]

A district court must construe pro se pleadings "liberally" to determine if plaintiff has stated a claim and, prior to any dismissal, the court must inform plaintiff of deficiencies in his complaint and give him an opportunity to cure such deficiencies. See Lopez, supra, 203 F.3d

---

[7] But see n.5, supra.

at 1130-31.  In general, plaintiff has adequately alleged the requisite personal knowledge, and failure to act, on the part of defendant Reddy, sufficient to state a potential Eighth Amendment claim.  Plaintiff alleges that Dr. Reddy is fully aware of plaintiff's alleged serious medical needs, including ongoing pain and alleged injury, yet has provided no treatment or referrals beyond over-the-counter remedies routinely available to nonprisoners.  Plaintiff has appropriately alleged that defendant Reddy's refusal to provide additional or alternate treatments, or referral to a specialist, has been wilful and intentional, and thereby demonstrates deliberate indifference to plaintiff's serious medical needs.

While it is generally true that "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), such difference of opinion may support a deliberate indifference claim if the prisoner can "show that the course of treatment the doctors chose was medically unacceptable under the circumstances," and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson, supra, 90 F.3d at 332.

These considerations support granting plaintiff leave to amend the instant complaint to permit him one final opportunity to narrow, clarify and specify his allegations against Dr. Reddy for the period commencing December 17, 2011.

III.  Leave to File Amended Complaint

For the foregoing reasons, the undersigned recommends that plaintiff be granted leave to file an amended complaint that conforms with the parameters set forth herein.

Plaintiff is not obligated to file an amended complaint, in which case this action will be dismissed in its entirety.  However, if plaintiff chooses to file an amended complaint, he should be guided by the following.  The amended complaint must set forth more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Rather, plaintiff must set forth "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

In other words, in an amended complaint, plaintiff must identify specific instances of alleged misconduct by Dr. Reddy for the period commencing December 17, 2011. Moreover, plaintiff must allege an actual connection between defendant's alleged misconduct, and plaintiff's alleged constitutional deprivation. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

For these reasons, plaintiff will be granted leave to file an amended complaint that states a cognizable Eighth Amendment claim against defendant Reddy for the period commencing after December 17, 2011. Accordingly, defendant's motion to dismiss the instant complaint should be granted without prejudice to plaintiff filing an amended complaint.

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.

In addition, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Dkt. No. 12), be granted, without prejudice to granting plaintiff leave to file an amended complaint.

2. Within thirty (30) days after service of the district judge's order, plaintiff may file and serve an amended complaint that conforms with the parameters set forth herein.

3. Failure of plaintiff to timely file and serve an amended complaint will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elli1691.mtd